UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

LAWRENCE WOODS,

                Defendant.
────────────────────────────

**MEMORANDUM & ORDER**
**18-CR-00033 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Lawrence Woods's April 5, 2021 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* Mot. (Dkt. 494).) Woods, who was detained at the time of the motion, asked the court for release based primarily on the conditions of confinement at the Metropolitan Detention Center ("MDC"). (*See generally id.*)

On July 16, 2019, Magistrate Judge Steven M. Gold ordered that Woods be detained pending trial. (Order of Detention (Dkt. 157).) Woods asked for release on bond following the onset of the COVID-19 pandemic, (*see* Motion for Bond (Dkt. 329)), but Magistrate Judge Sanket J. Bulsara denied his motion on June 9, 2020. (Minute Entry dated 6/9/2020 (Dkt 333).) Woods then appealed the denial of his bail application to this court, arguing that the conditions of confinement at the MDC during the COVID-19 pandemic posed an ongoing risk to his health, that he was not a flight risk, and that his Sixth Amendment right to counsel was being infringed by lockdowns at the MDC. (*See* Bail Appeal Mot. (Dkt. 438) at 2.) The court denied Woods's motion during a video conference on April 2, 2021. (April 2, 2021 Bail Appeal Hearing Tr. at 19:11-16). Woods's instant motion was docketed three days later on April 5, 2021, though it was mailed on April 1, 2021, the day before this court denied Woods's bail appeal.

1

Under 18 U.S.C. § 3582(c)(1)(A), courts are authorized to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c)(1)(A). Woods was not subject to a term of imprisonment at the time he filed the instant motion, but rather detained pre-trial. Compassionate release was therefore not the proper avenue for relief. Woods's motion also references a provision of the Bail Reform Act allowing courts to "permit the temporary release of [] person[s], in the custody of a United States marshal or another appropriate person, to the extent that . . . such release [is] necessary for preparation of the person's defense or for another compelling reason." (Mot. at 3-4 (citing 18 U.S.C. § 3142(i)(4).) His motion could liberally be construed as a motion for relief under this Section. *See Geritano v. United States*, No. 03-CR-970 (RPK), 2023 WL 3499511, at *5 (E.D.N.Y. May 17, 2023) ("A *pro se* party's submissions are liberally construed[.]") Yet, Woods has been sentenced and is no longer in pre-trial custody. Relief under the Bail Reform Act is therefore no longer proper. Woods also raised, and the court rejected, the exact same argument for release from pre-trial custody in his appeal of Magistrate Judge Bulsara's denial of bail. (April 2, 2021 Bail Appeal Hearing Tr. at 6:4-8:19; 19:8-16).

Woods's motion is therefore DENIED. Woods remains free to bring another motion for compassionate relief, which is a proper avenue for early termination of his sentence now that his sentence has been imposed. The Court of Clerk is DIRECTED to provide Woods with a copy of this order at his last known address of record.

SO ORDERED.

Dated: Brooklyn, New York
October 26, 2023

                                                 s/Nicholas G. Garaufis
                                                 NICHOLAS G. GARAUFIS
                                                 United States District Judge