UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
UNITED STATES OF AMERICA,

        -against-

LAWRENCE WOODS,

                Defendant.
───────────────────────────────

MEMORANDUM & ORDER

18-CR-00033 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Lawrence Woods ("Woods" or "Defendant") brings this *pro se* motion for reduction in sentence under 18 U.S.C. § 3582(c)(2). (Def.'s Mot. for Reduction (Dkt. 924).) The Government opposes the motion. (Gov't Opp. (Dkt. 926).) For the reasons set forth below, the Defendant's motion is DENIED.

I. BACKGROUND

On July 16, 2019, the Defendant was arrested on an Indictment charging, among other things, Hobbs Act robbery in connection with his participation in the robbery of a drug stash house in Queens, New York in September 2017. (*See* Pre-Sentence Investigation Report ("PSR") (Dkt. 675) ¶¶ 7, 17-18.) On November 24, 2021, the Defendant pleaded guilty, pursuant to a plea agreement, to the following counts of the Indictment: Count Three, charging Hobbs Act robbery of the stash house, in violation of 18 U.S.C. § 1951(a), and Count Four, charging possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Min. Entry (Dkt. 811).); Gov't Sent'g Mem. (Dkt. 730) at 3.)

At sentencing, on November 22, 2022, the court found with respect to Count Three that Woods had a total offense level of 24 and was in Criminal History Category IV. (Sent'g Tr. (Dkt. 841) at 10:2-6.) This resulted in an applicable United States Sentencing Guidelines (the "Guidelines" or "Sentencing Guidelines")

1

range of 77 to 96 months' imprisonment. (*Id.*) As to Count Four, the court found that the applicable mandatory minimum sentence was 60 months' incarceration. (*Id.* at 10:7-9.) Accordingly, the effective Guidelines range was 137 to 156 months' imprisonment. (*Id.* at 10:13-14.) However, in light of the conditions that existed at the Metropolitan Detention Center at the time, as well as the Defendant's statements made in open court, this court found that a variance from the Guidelines range was warranted. (*Id.* at 37:17-38:24.) This court thus sentenced Woods to 18 months' imprisonment on Count Three, coupled with the mandatory minimum of 60 months' imprisonment on Count Four, for a total of 78 months' imprisonment—a significant variance from the bottom of the then-applicable Guidelines range. (Judgment (Dkt. 813).)

On April 22, 2024, the Defendant brought the instant *pro se* motion for reduction in sentence under 18 U.S.C. § 3582(c)(2), arguing that he is now eligible for a one-point reduction pursuant to the November 2023 amendments to the Sentencing Guidelines. (Def.'s Mot. for Reduction at 1.) The Government responded in opposition on May 20, 2024, arguing that, even if Defendant qualifies for the one-point reduction, such a reduction does not warrant a reduction in sentence. (*See generally* Gov't Opp.)

## II. LEGAL STANDARD

Where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," section 3582(c)(2) permits the court to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Relevant here, 18 U.S.C. § 3582(c)(2) allows a federal court to reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive. *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020).[1]

When considering a motion to reduce a sentence pursuant to section 3582(c)(2), courts are required to undertake a two-part inquiry:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case.

*Dillon v. United States*, 560 U.S. 817, 827 (2010).

In other words, "the district court must first determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced," before considering the section 3553(a) factors to determine whether it will exercise its discretion to reduce that defendant's sentence. *United States v. Baez*, No. 19-CR-463 (DLC), 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024).

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

The Sentencing Commission's policy statements provide that, with an exception not relevant here,[2] "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A); *see also United States v. Perez*, No. 22-CR-00122 (JMA) (AYS), 2024 WL 2293828, at *1 (E.D.N.Y. May 21, 2024).

### III. DISCUSSION

Where, as here, a defendant's original sentence imposed a term of imprisonment below the amended Guidelines range, that defendant is ineligible for a sentence reduction under section 3582(c)(2). *See United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021) (observing that "because the Sentencing Commission's policy statements limit the authorization under § 3582(c)(2), a sentence may not be reduced under this provision to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range" (citing U.S.S.G. §§ 1B1.10(b)(2)(A)-(B))); *see also United States v. Ross*, No. 15-CR-95 (JPC), 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Defendant argues that because of the November 2023 amendment to U.S.S.G.§ 4A1.1, he is eligible for a one-point reduction in his criminal history, thereby altering his Criminal History Category from Category IV to Category III. (Def.'s Mot. for Reduction at 2.) He further asserts that this alteration of his criminal history status lowers his sentencing range on Count III from 51 to 63 months to 46 to 57 months. (*Id.*)

At the time the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if

---

[2] U.S.S.G. § 1B1.10(b)(2)(B) (outlining a limited exception applicable only where a defendant provides substantial assistance to the government).

4

the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2016).[3] Part A of Amendment 821, effective November 1, 2023, amended this provision to, *inter alia*, eliminate the addition of such status points for a defendant who has six criminal history points or less. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission also made this provision of Amendment 821 retroactive, authorizing eligible defendants to seek a discretionary sentence reduction under section 3582(c)(2). U.S.S.G. Amend. 825; *see* U.S.S.G. § 1B1.10(d).

Relevant here, at the time of Defendant's sentencing, he had a criminal history score of 7, and total offense level of 24, resulting in a Criminal History Category IV. (Sent'g Tr. at 10:2-6; Amended PSR (Dkt. 692) ¶ 79.) Following the Amendment, the Probation Department submitted a supplemental presentence report confirming that under the new Guidelines, Woods's amended Criminal History Category is Category III, resulting in a new Guidelines range of 63 to 78 months. (*See* PSR Supplement (Dkt. 913) at 2-3.)[4]

The Government contends that even assuming the Defendant should be reclassified to Category III, the Defendant still does not qualify for a sentencing reduction under section 3582(c)(2). (Gov't Opp. at 3 n.1.) This court agrees.

At the time of sentencing, the applicable Guidelines range for Count III was 77 to 96 months' imprisonment. Instead, this court

---

[3] The 2016 Guidelines were in effect from November 1, 2016 through October 31, 2018. *See 2016 Guidelines Manual*, United States Sentencing Commission, https://www.ussc.gov/guidelines/guidelines-archive/2016-guidelines-manual (last accessed March 26, 2024).

[4] The Defendant incorrectly argues his new Guidelines range would be 46 to 57 months' imprisonment on Count III. (Def.'s Mot. for Reduction at 2.)

granted a variance, and sentenced Woods to 18 months' imprisonment for Count III. The applicable amended Guidelines range following Amendment 821 and as calculated by Probation is 63 to 78 months' imprisonment, which is higher than the original sentence imposed on this count. Therefore, even if the Defendant is eligible for a one-point reduction—and therefore a reclassification from a Category IV to a Category III—such a change does not warrant a sentencing reduction.[5]

Finding that Woods has failed at step one of the two-part inquiry for motions brought under 18 U.S.C. § 3582(c)(2), the court need not consider the § 3553(a) factors. As such, the court finds that Woods is ineligible for a reduction in his sentence because his original sentence is below his amended Guidelines range. *See United States v. Castro*, No. 19-CR-116 (KMW), 2024 WL 1252127, at *4 (S.D.N.Y. Mar. 25, 2024) (concluding that defendant is ineligible for a reduction because his original sentence was below his amended Guidelines range).

---

[5] The same is true even if we were to consider the Defendant's proposed Guidelines range of 46 to 57 months. (Def.'s Mot. for Reduction at 2.)

## IV. CONCLUSION

For the foregoing reasons, Defendant Woods's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
August 9, 2024

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

7